UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN COLACO, TOM GAMMON, SRIVALLI CHANDRA, DONALD HUMBERT, TERRY JONES, QUY LAU, DAVID LICHTENSTEIN, SINA MA, MICHAEL MULLEN, TRINH NGUYEN, AMAADUDDIN QURAISHI, DAVID ROBERTSON, STEPHEN THOMAS, NHAN TRAN, AND MOODY WONG,<br><br>Plaintiffs,<br>v.<br><br>THE ASIC ADVANTAGE SIMPLIFIED EMPLOYEE PENSION PLAN, ASIC ADVANTAGE INC., AND MICROSEMI CORPORATION,<br><br>Defendants. | Case No.: 5:13-CV-00972 PSG<br><br>**ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT**<br><br>**(Re: Docket Nos. 9, 14, 16)** |

In this employment benefits case, Plaintiffs challenge Defendants' alleged failure to contribute to and distribute benefits from a Simplified Employee Pension ("SEP") Plan. On April 10, 2013, Defendants moved to dismiss Plaintiffs' complaint. After reassignment to the

1

Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

undersigned, the parties appeared for oral argument. Having reviewed the papers, and considered the arguments and evidence presented, the court GRANTS-IN-PART Defendants' motion.

## I.   BACKGROUND

Except where otherwise noted, the court draws the following facts, taken as true for the purposes of a motion to dismiss, from Plaintiffs' complaint.[1]

Plaintiffs are former employees of ASIC Advantage Incorporated ("ASIC").[2] In 2008, ASIC created its SEP Plan and included a provision allowing ASIC to make "discretionary contributions" each year to its employees retirement accounts.[3] ASIC subsequently promoted this plan as part of its overall compensation program, and it contributed to the accounts for work performed during 2008 and 2009.[4] In accordance with IRS regulations, ASIC paid these contributions in October of the year after the benefits were accrued.[5]

In late 2010, Mirosemi Corporation ("Microsemi") began negotiations with ASIC to acquire the company.[6] This acquisition was eventually completed on July 5, 2011.[7]

At the ASIC Board of Directors' final meeting before the acquisition, the Board took two actions regarding the ASIC SEP Plan. First, it provided that all contributions accrued through June 30, 2011 would be paid into the participant employees' accounts.[8] It also allocated funds for this purpose, and placed the funds into a separate account. The funds were then to be transferred to the

---

[1] *See* Docket No. 1.

[2] *See id.* at ¶¶ 7-21.

[3] *See id.* at ¶ 27.

[4] *See id.* at ¶ 31.

[5] *See* Docket No. 14.

[6] *See* Docket No. 1 ¶ 32.

[7] *See id.* at ¶¶ 38-39.

[8] *See id.* at ¶ 37.

2
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

employee accounts in October of the next two years, in accordance with the plan's traditional administration.[9] Second, it terminated the SEP Plan as of July 1, 2011.[10] These actions were both effectuated by a formal board resolution.[11]

Despite these formal actions, the allocated funds were never transferred to Plaintiffs' SEP accounts.[12] Because of the acquisition, Microsemi was responsible for making the actual contributions. When Plaintiffs petitioned Microsemi for payment, the company denied that the ASIC board ever authorized any contributions for 2010 or 2011, and thus asserted that Plaintiffs were not entitled to the funds requested. On May 1, 2012, Plaintiffs formally requested all documentation relevant to the denial of their claims.[13] On June 12, 2012, they received a total of eight pages.[14] On June 26, 2012, Plaintiffs appealed the denial of their claim for benefits, and on July 12, 2012, that appeal was denied.[15]

Plaintiffs bring the following claims against Defendants under the Employee Retirement Income Security Act ("ERISA"): recovery of plan benefits,[16] breach of fiduciary duties imposed,[17] equitable relief,[18] and failure to provide information.[19] They also claim that Defendants' actions violate California Labor Code § 203 and § 218.5.

---

[9] *See* Docket No. 14; Docket No. 1 ¶ 43.

[10] *See* Docket No. 1 ¶ 37.

[11] *See id.*

[12] *See id.* at ¶ 50.

[13] *See id.* at ¶ 58.

[14] *See id.* at ¶ 60.

[15] *See id.* at ¶¶ 61-62.

[16] *See* 29 U.S.C. § 1132(a)(1)(B).

[17] *See* 29 U.S.C. § 1104.

[18] *See* 29 U.S.C. § 1132(a)(3).

3

Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants move to dismiss all claims under Fed. Rule Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.     LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[20] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[21] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[23]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[24] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[25] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[26]

---

[19] 29 U.S.C. § 1132(c).

[20] Fed. R. Civ. P. 8(a)(2).

[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[23] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[24] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[25] *See id.* at 1061.

[26] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

4
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[27]

### III.   DISCUSSION

#### A.   Requests for Judicial Notice

As a preliminary matter, Defendants ask that the court take judicial notice of eight documents relating to Plaintiffs' claim.

Under Fed. R. Evid. 201(b), a court may take judicial notice of facts that are either generally known within the district or the veracity of which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. In addition, "documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents."[28] In the instant case, Plaintiffs object to the request for judicial notice because they question the authenticity and completeness of the documents presented. On this basis alone, this request must be denied.[29]

#### B.   Standing

Defendants first challenge Plaintiffs' standing to bring their claims.

Plaintiffs must always meet the constitutional requirements of Article III standing. If constitutional standing is found, Plaintiffs also must allege facts to support statutory standing under ERISA.[30] To establish constitutional standing, Plaintiffs must plead facts showing (1) injury-in-fact, (2) causation, and (3) redressability.[31] Injury-in-fact requires that the plaintiff suffer harm to "a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent,

---

[27] *Eminence Capital, LLC v. Asopeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

[28] *Harris v. Cnty. of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012).

[29] *See id.*

[30] *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1072 (9th Cir. 2009).

[31] *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

not conjectural or hypothetical."[32] ERISA's statutory standing requirement further requires that Plaintiffs qualify as "plan participants"[33] and that they "fall within one of ERISA's nine specific civil enforcement provisions."[34]

Defendants make two arguments against the plaintiff's standing. First, they argue that Plaintiffs have failed to plead an injury-in-fact because they have not alleged harm to a legally protected interest, defeating their constitutional standing. Second, they argue that Plaintiffs seek some relief other than simply "benefits due under the plan," defeating their standing under ERISA.

Defendants' argument against constitutional standing fails because Defendants ask the court to reject Plaintiffs' allegations regarding the June 30, 2011 board meeting. But if, as Plaintiffs allege, ASIC passed a resolution allocating funds for employer contributions to the SEP plan, then Plaintiffs would appear to have a legally protected interest in the funds. As this dispute is before the court on a motion to dismiss, the court is bound to accept Plaintiffs' allegations as true. Thus, for purposes of this motion, Plaintiffs have alleged an injury to a legally protected interest, securing their constitutional standing.[35]

Similarly, under Plaintiffs' theory of the case, the ASIC board dedicated funds to their SEP Plan before the acquisition, and those are the funds Plaintiffs seek to recover in this case. Plaintiffs clearly make a colorable claim "for benefits due" under the required provisions of Section 1132,[36] and even Defendants do not contest that Plaintiffs were participants in a plan governed by ERISA during the time in question. Therefore, Plaintiffs also meet the statutory standing requirements under ERISA.

---

[32] *Id.*

[33] *Poore v. Simpson Paper Co.*, 566 F.3d 922, 925 (9th Cir. 2009).

[34] *Paulson*, 559 F.3d at 1072.

[35] *See Moya v. Centex Corp.*, 658 F.3d. 1060, 1068 (9th Cir. 2011) ("The jurisdictional question of standing precedes and does not require analysis of the merits.").

[36] *See Kuntz v. Reese*, 785 F.3d 1410, 1411 (9th Cir. 1996).

6
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants' motion to dismiss for lack of standing is DENIED.

## C. Claim I: Recovery of Plan Benefits Pursuant to 29 U.S.C. § 1132 (a)(1)(B)

Defendants argue that Plaintiffs' first cause of action should be dismissed for two reasons. First, they argue that Plaintiffs were not entitled to the claimed benefits under the plan,และ second, they argue that the benefits in question had not accrued by the time that Microsemi acquired ASIC.

29 U.S.C. § 1132 (a)(1)(B) provides:

> (a) Persons empowered to bring a civil action. A civil action may be brought—
> (1) by a participant or beneficiary—
> * * *
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

In their complaint, Plaintiffs allege that the ASIC SEP Plan is a "plan" within the meaning of 29 U.S.C. § 1132.[37] They further allege that they were, at all relevant times, SEP Plan participants.[38] As set forth above, according to the complaint, ASIC's board took official action to contribute all funds accrued by the employees through June 30, 2011, thus entitling Plaintiffs to the benefits from the SEP through that time. These benefits were to be paid in October of 2011 and 2012.

Defendants' first argument is unavailing because it turns on questions of fact, making it an inappropriate ground for dismissal under Rule 12(b)(6). Defendants' assert that Plaintiffs sole grounds for "entitlement" to the contributions are the oral statements of corporate officers, which they contend are insufficient because they contradict the express terms of the SEP Plan. However, this is simply not the case. As discussed above, Plaintiffs rest their claim heavily on the alleged board actions of June 30, 2011. This allegation is sufficiently specific to survive *Iqbal/Twombly* scrutiny, and although it may eventually be rejected, Plaintiffs are entitled to proceed.

---

[37] *See* Docket No. 1 at ¶ 65.

[38] *See id.* at ¶ 66.

7

Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants' second argument for dismissing this cause of action is also flawed because it overstates the relevant law on the issue. Defendants argue that even if the board agreed to contribute the funds at the June 30 meeting, they would not have become benefits that Plaintiffs could seek to recover until they were actually deposited into the employee accounts. In support of this proposition, Defendants cite *In re Brobeck, Phleger & Harrison LLP*,[39] a bankruptcy case which in turn relies on *Cline v. Industrial Maintenance and Contracting Co.*, 200 F.3d 1223 (9th Cir. 2000). In *Cline*, the Ninth Circuit issued a blanket rule that "until the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation." However, since that time, several district courts throughout the circuit have questioned whether this was, in fact, an absolute rule, or simply a general assumption subject to revision based on a reasonable analysis of the circumstances.[40] Just a month ago, the Ninth Circuit endorsed this reasoning in *Carpenters Pension Trust Fund for N. California v. Moxley*, 11-16133, 2013 WL 4417594 (9th Cir. Aug. 20, 2013), specifically recognizing that under certain circumstances, unpaid employer contributions may be deemed plan assets. This case arises under such circumstances.

If the evidence bears out Plaintiffs' allegations, showing that ASIC legally authorized contributions which Microsemi has simply refused to deposit, then the funds became plan assets at the time they were authorized and earmarked for contribution. Plaintiffs would, under those facts, be entitled to receive the benefits allocated to them, thus overcoming Defendants' second objection to this claim. For purposes of this motion, the Court must assume the facts as such.

---

[39] 414 B.R. 627 (N.D. Cal 2009).

[40] *See, e.g., Bd. of Trustees of Pipe Trades Dist. Council No. 36 Health & Welfare Trust Fund v. Clifton Enterprises, Inc.,* Case No. 11-05447, 2013 WL 2403573, at *7 (N.D. Cal. May 31, 2013); *Bos v. Bd. of Trustees of Carpenters Health & Welfare Trust Fund for California*, Case No. 12-02026, 2013 WL 943520, at *3-4 (E.D. Cal. Mar. 11, 2013); *Trustees of S. Cal Pipe Trades Health & Welfare Trust Fund v. Temecula Mech., Inc.,* 438 F. Supp. 2d 1156, 1162 (C.D. Cal. 2006).

8
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants' motion to dismiss the first cause of action is DENIED.

### D.    Claim II: Breach of Fiduciary Duties Pursuant to 29 U.S.C. § 1104

Defendants argue that Plaintiffs' second cause of action has not been adequately plead for three reasons.  First, as above, they argue that the assets in question never became assets of the SEP Plan, such that no fiduciary duty ever attached to them.  Second, they argue that refusing to contribute funds to the SEP Plan for benefits earned in 2010 and the first half of 2011 was a business decision, rather than a breach of fiduciary duty.  Finally, they argue that Defendants did not owe fiduciary duties of any sort to Plaintiffs.

In order to sustain their second cause of action, Plaintiffs must allege facts to support two elements.  First, Defendants must be alleged to have acted in a fiduciary capacity with respect to the SEP Plan and its beneficiaries when taking the actions subject to the complaint.  ERISA establishes that one is acting as a fiduciary when he or she "exercises any authority or control respecting management or disposition of [the plan's] assets."[41]  Second, Plaintiffs must allege facts that, if true, would show that Defendants violated one or more of the myriad of fiduciary obligations set forth in 29 U.S.C. § 1104.

The analysis of this claim rests heavily on the determination of whether or not the funds earmarked for the SEP Plans at the June 30 board meeting became plan assets at the time they were set aside for contribution.  For the reasons discussed above, this Court has determined that for purposes of this motion, they did, defeating Defendants' first argument.

Accepting the funds in question as plan assets, Plaintiffs then allege that as of July 5, 2011, Microsemi acquired ASIC and assumed all its obligations and liabilities.[42]  At that time, Microsemi

---

[41] 29 U.S.C. § 1002(21)(A).

[42] *See* Docket No. 1 at ¶ 38.

9
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

also assumed control over the funds that had been set aside for contribution to the SEP Plan.[43] However, Plaintiffs allege that despite taking control of the funds with the knowledge that they were to be contributed to the Plan, Defendants nevertheless refused to deposit them.[44] Plaintiffs allege that this refusal constituted a breach of Microsemi's duty to manage the plan and make allocated contributions, rather than using the money for its own gain.[45] They also allege that Defendants' failure to pay benefits when they knew that Plaintiffs were entitled to them (because of the June 30 board resolution) constituted a breach of fiduciary duties, as well as several other specific allegations of breach.[46] Plaintiffs have plead with specificity facts to support each element of a cause of action under Section 1104.

Defendants' remaining two arguments are best addressed with respect to each defendant individually. They are clearly insufficient with respect to Microsemi. Once again, accepting the allegations as true, Microsemi exercised and continues to exercise control over the assets in question, and they are the present administrators of the SEP Plan. By the time that Microsemi came to control the funds at issue, the business decision to contribute had already been made by the ASIC board. Microsemi's refusal to appropriately deposit them therefore was the act of a fiduciary entrusted with temporary care of the funds, not a business administrator exercising his discretion. Furthermore, despite Defendants' claim that "Plaintiffs fail to explain how Microsemi [. . . was a] fiduciary[y] of the Plan," Plaintiffs allege many facts to establish Microsemi as a fiduciary.[47] These have been discussed at length above, so the court will need not rehash them

---

[43] *See id.* at ¶ 78.

[44] *See id.* at ¶¶ 78-79.

[45] *See id.* at ¶ 79.

[46] *See id.* at ¶ 80.

[47] *See, e.g. id.* at ¶¶ 38, 78, 79.

10
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

here. Suffice to say that with respect to Microsemi, Plaintiffs have alleged sufficient facts to support a cause of action for breach of fiduciary duty.

However, Plaintiffs have failed to allege facts supporting a breach of fiduciary duty with respect to ASIC.  Plaintiffs note in their complaint that Microsemi assumed all legal liabilities from ASIC with respect to the plan.  They also fail to allege any specific action of the ASIC which would constitute a breach of fiduciary duty, beyond a vague recitation that the "fail to establish and maintain reasonable procedures governing the filing of benefit claims."  Without more specifics, this conclusory allegation alone cannot survive a motion to dismiss.

Defendants' motion to dismiss Plaintiffs' second cause of action therefore is DENIED with respect to Microsemi but GRANTED with leave to amend with respect to ASIC.

**E.     Claim III: Equitable Relief Pursuant to 29 U.S.C. § 1132 (a)(3)**

Defendants misconstrue the relevant law for Plaintiffs' third cause of action.  An action under Section 1132(a)(3) is premised on the same underlying elements as a cause of action under subsection (a)(1), but it allows for recovery based in equity, rather than a direct recovery of plan benefits (a traditionally legal remedy).  A court may grant recovery under this provision where benefits may not be directly recoverable from an SEP Plan.  One example would be where the defendant would be required to revise the terms of its plan then distribute funds according to the new terms.[48]

---

[48] The Supreme Court cemented this understanding of the law in its recent decision of *Cigna Corp. v. Amara,* 131 S.Ct. 1866 (2011). In that case, the court spent numerous pages discussing the differences between legal and equitable remedies, and the applicability of each to ERISA cases.  It did note that to claim an equitable remedy under Section 1132, which would approximately equate to estoppel, Plaintiffs must make some showing of detrimental reliance. *Id.* at 1881. However, the Court also pointed out that a court may exercise its discretion to grant a wide variety of other remedies in order to mold the relief to protect the rights of the beneficiary according to the situation involved," and these remedies would not necessitate such a showing. *Id.* The case was remanded for further consideration of a remedy under Section 1132(a)(3), as the district court's initial ruling overstepped the pure authority of Section 1132(a), on which it was based. *Id.* at 1882.

11
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants argue that this claim should be dismissed because Plaintiffs fail to allege facts to support the Ninth Circuit's five-factor test for equitable estoppel.[49] This argument attempts to base plaintiff's claim in different law than that in which it was plead. In *Spink*, the plaintiff did not bring his suit under ERISA's substantive grant of a civil action for remedy. Instead, he made a freestanding equitable estoppel claim. The five-factor test elaborated by Defendants reflects the requirements for that independent claim, not the requirements for equitable relief under Section 1132. As Plaintiffs have pointed out, in *Cigna v. Amara*, the Supreme Court recently held specifically that equitable remedies under Section 1132(a)(3) may take any number of forms, many of which are not subject to the more stringent requirements of promissory estoppel.[50] Because Plaintiffs request any one of several different forms of equitable relief under this section, it would be inappropriate to hold them to the requirements of estoppel. They have plead sufficient, specific facts to support a claim under Section 1132(a).

Defendants' motion to dismiss Plaintiffs' third cause of action is DENIED.

**F.     Claim IV: Failure to Provide Requested Plan Information Pursuant to 29 U.S.C. § 1132 (c)**

Defendants point out three flaws in Plaintiffs' fourth cause of action. First, and most compellingly, they argue that Plaintiffs' allegations with respect to this claim are vague and ambiguous. Second, they argue that Plaintiffs lack standing to bring this claim. Third, they argue that the court has discretion to decline to impose damages under this section, and that the court should exercise that discretion here.

In order to sustain a cause of action against each defendant for failure to provide requested plan information, Plaintiffs must demonstrate that the plan in question is subject to ERISA, that the defendant was the administrator of that plan, that Plaintiffs were participants in the plan at all

---

[49] *See Spink v. Lockheed Corp.,* 125 F.3d 1257, 1262 (9th Cir. 1997).

[50] *See* n. 48.

12
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

relevant times, that the defendant actually received a request for the documents it failed to provide, and finally, that the documents were "relevant" to Plaintiffs' claims under the plan.  A document is considered "relevant" to a claim if it "was relied upon in making the benefit determination; was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; [or] demonstrates compliance with the administrative processes and safeguards required" by ERISA.[51]

Here, although two of Defendants' theories are unavailing,[52] their first argument against the claim is sufficient to carry the day with respect to the majority of Plaintiffs' claim.  In the complaint, Plaintiffs simply do not identify the documents that they were denied, alleging only "the documentation provided was incomplete."[53]  This is precisely the sort of vague pleading that the *Iqbal/Tombly* standard was designed to prevent.  Without more detail as to the documents that they were denied, Plaintiffs cannot sustain a cause of action under Section 1132(c).

However, Plaintiffs specifically allege that the earliest they were provided any documentation whatsoever until June 12, 2012.  Under Section 1132(c), if an employer fails to provide an employee with requested information within 30 days of receiving the request, they may be liable for an additional $100 as a penalty for each day they are late.  Plaintiffs allege that they submitted such a request on May 1, 2012,[54] and that they did not receive any documents until June

---

[51] *Vincenzo v. Hewlett-Packard Co.*, Case No. 12-3480, 2013 WL 3327892, at *16 (N.D. Cal. June 28, 2013).

[52] Plaintiff's standing is addressed in greater depth above, and the exercise of discretion to award or not award damages is not an appropriate question for a motion to dismiss.

[53] Docket No. 1 at ¶ 96.

[54] *See id.* at ¶ 58.

13
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

12, 2012.[55]  If these allegations are true, then Defendants were twelve days late supplying required documents, subjecting them to liability under Section 1132(c).

Defendants' motion to dismiss Plaintiffs' fourth cause of action is GRANTED-IN-PART.

### G. Claim V: Wage Statute Violations Pursuant to Cal. Labor Code §§ 203 & 218.5

Defendants' motion to dismiss Plaintiffs' final cause of action argues that ERISA preempts Plaintiffs' claims under California Labor Code Section 203.

ERISA preemption is a much-litigated issue, so the case law on the subject is extensive.  29 U.S.C. § 1144(a) states that ERISA "supersede[s] any and all state laws insofar as they may now, or hereafter, relate to any employee benefit plans." The Supreme Court has characterized this preemption as "deliberately expansive" and "conspicuous for its breadth."[56]  Ninth Circuit case law further elaborates that "ERISA's preemption clause is not limited to state laws specifically designed to affect employee benefits plans, but extends to all claims that 'arise from the administration of such plans whether directly or indirectly.'"[57]  In fact, in *Orozco v. United Air Lines, Inc.*,[58] the Ninth Circuit specifically held that actions brought pursuant to Cal. Labor Code. § 203 are preempted by ERISA, leaving only Plaintiffs' claim for attorney fees under Cal. Labor Code § 218.5.  ERISA provides its own schema for addressing attorneys' fees in Section 1132(g), effectively preempting that claim as well.

The cases through which Plaintiffs attempt to avoid preemption are either distinguishable or non-binding holdings in conflict with Ninth Circuit law. For example, *California Div. of Labor Standards Enforcement v. Dillingham Construction N.A.*[59] addressed a question of regulatory

---

[55] *See id.* at ¶ 60.

[56] *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41 (1987).

[57] *Concha v. London,* 62 F.3d 1493, 1504-05 (9th Cir. 1995).

[58] 887 F.2d 949, 952 (9th Cir. 1989).

[59] 519 U.S. 316 (1997).

14
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

standards for journeymen and apprentices, and the Court struggled for much of the opinion with whether or not the scheme in question was subject to ERISA.  The court found that in that circumstance, ERISA set a floor, not a ceiling, as with many traditional rights-based laws.   Here, ERISA clearly governs, and the state claims pursued by Plaintiffs would simply create a duplicate remedy in state law.

Defendants' motion to dismiss Plaintiffs' fifth cause of action is GRANTED.  Because any amendment would appear to be futile, this dismissal is without leave to amend.

## IV.     CONCLUSION

Defendants' motion to dismiss with respect to Plaintiffs' causes of action under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. §1132(a)(3) is DENIED.  The motion is DENIED with respect to Plaintiffs' causes of action against Microsemi under 29 U.S.C. §1104, but is GRANTED with leave to amend with respect to the same cause of action against ASIC.  Finally, the motion is GRANTED with leave to amend with respect to Plaintiffs' cause of action under 29 U.S.C. §1132(c) and GRANTED without leave to amend with respect to Plaintiffs' cause of action under Cal. Labor Code §§ 203 & 218.5.

Any amended complaint shall be filed no later than October 18, 2013.

**IT IS SO ORDERED.**

Dated: September 26, 2013

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

15
Case No.: 5:13-CV-00972 PSG
**ORDER GRANTING-IN-PART MOTION TO DISMISS PLAINTIFFS' COMPLAINT**