1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| STEPHEN COLACO, ET AL., | ) | Case No. 5:13-cv-00972-PSG |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING DEFENDANTS'** |
| v. | ) | **MOTION TO COMPEL AND** |
| | ) | **DENYING DEFENDANTS' REQUEST** |
| THE ASIC ADVANTAGE SIMPLIFIED | ) | **FOR SANCTIONS** |
| PENSION PLAN, ASIC ADVANTAGE INC., | ) | |
| MICROSEMI CORPORATION, ET AL., | ) | **(Re: Docket Nos. 28, 29)** |
| | ) | |
| Defendants. | ) | |

Before the court are Defendants' motion to compel Plaintiffs to produce all documents responsive to Defendants' Request for Production of Documents and Defendants' motion for sanctions under Federal Rule of Civil Procedure 37.[1]  Plaintiffs oppose.[2]  Because the parties' papers squarely present the issues, the court finds the motion suitable for disposition without a

---

[1] *See* Docket No. 28.

[2] *See* Docket No. 29.

Case No. 5:13-cv-00972-PSG
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING
DEFENDANTS' REQUEST FOR SANCTIONS

hearing.[3]  After considering the arguments, the court GRANTS Defendants' motion to compel and

DENIES Defendants' request for sanctions.

## I. BACKGROUND[4]

Plaintiffs allege that in December 2010, ASIC and Microsemi Corporation began to discuss

the possibility of Microsemi buying ASIC.[5]  Plaintiffs also allege that ASIC's President and Chief

Executive Officer promised that contributions to ASIC's Simplified Employee Pension Plan would

be paid for 2010 and the first half of 2011.[6]  Defendants see things differently, claiming that the

alleged promises could not have been made because ASIC did not begin discussions with

Microsemi until April 2011.[7]

In any event, on July 5, 2011, Microsemi acquired ASIC.[8]  According to Plaintiffs, at the

ASIC Board of Directors' final meeting before the acquisition, the Board represented that all

contributions accrued through June 30, 2011 would be paid into the participant employees'

accounts and that it also allocated funds for this purpose.[9]  Defendants deny this[10] and contend that

each of the thirteen Plaintiffs who were laid off following the merger signed releases of at least

some of their asserted SEP claims.[11]

---

[3] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

[4] Further background on this case is provided in the court's order ruling on Defendants' Motion to Dismiss.  *See* Docket No. 24 at 2–4.

[5] *See* Docket No. 33 at 2.

[6] *See id.*

[7] *See* Docket No. 28 at 4.

[8] *See* Docket No. 33 at 2.

[9] *See id.*

[10] *See* Docket No. 28 at 4.

[11] *See id.* at 6.

2

Case No. 5:13-cv-00972-PSG
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING
DEFENDANTS' REQUEST FOR SANCTIONS

On March 4, 2013, Plaintiffs brought a myriad of claims against Defendants.[12]  After the court subsequently dismissed a majority of these claims,[13] Plaintiffs filed amended claims.[14]

On February 4, 2014, Defendants served document requests on each of the Plaintiffs.[15]  The 134 requests relate to specific allegations regarding the SEP Plain in Plaintiffs' First Amended Complaint,[16] and in particular (1) what promises were made by ASIC's executives[17] and (2) whether Plaintiffs signed the releases knowingly and voluntarily.[18]  Plaintiffs objected to the document requests, claiming that (1) the discovery was not authorized under the Employee Retirement Income Security Act and (2) that the requests were unduly burdensome and harassing.[19] Despite meet and confer between the parties regarding these records, they have not been able to resolve the issue, and this motion to compel followed.  Defendants also filed a motion for monetary discovery sanctions under Fed.R.Civ.P. 37, claiming that Plaintiffs' objections to the RFPs are not substantially justified by existing case law.[20]

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[21]  "Once the moving party

---

[12] *See* Docket No. 1.

[13] *See* Docket No. 24 at 15.

[14] *See* Docket No. 25 at 10, 14, 15.

[15] *See* Docket No. 33 at 4.

[16] *See* Docket No. 28, Exhibit A.

[17] *See* Docket No. 28 at 4, 6–7.

[18] *See id.* at 6.

[19] *See* Docket No. 33 at 4.

[20] *See* Docket No. 29 at 4.

[21] Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

3

Case No. 5:13-cv-00972-PSG
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING
DEFENDANTS' REQUEST FOR SANCTIONS

establishes that the information requested is within the scope of permissible discovery, the burden

shifts to the party opposing discovery."[22]  "An opposing party can meet its burden by

demonstrating that the information is being sought to delay bringing the case to trial, to embarrass

or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the

information."[23]

If a motion to compel is granted or the requested discovery is provided after the motion was

filed, Fed.R.Civ.P. 37(a)(5)(A) provides for "the movant's reasonable expenses incurred in making

the motion, including attorney's fees."  However, the court may not order sanctions if (1) the

movant filed the motion before attempting in good faith to obtain the disclosure or discovery

without court action, (2) the opposing party's nondisclosure, response, or objection was

substantially justified or (3) other circumstances make an award of expenses unjust.[24]

---

party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).").

[22] *Khalilpour v. CELLCO P-ship*, Case No. 3:09-cv-02712-CW-MEJ, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (citing *Ellison v. Patterson-UTI Drilling*, Case No. V-08-cv-67, 2009 WL 3247193 at *2 (S.D. Tex. Sept. 23, 2009) ("Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted.").

[23] *Id*. (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978) (noting that "discovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery")).

[24] Fed. R. Civ. P. 37(a)(5)(A).

Case No. 5:13-cv-00972-PSG
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING
DEFENDANTS' REQUEST FOR SANCTIONS

**III. DISCUSSION**

**A.    The Discovery Is Permissible Under ERISA**

The SEP plan in question is subject to the terms of the Employee Retirement Income Security Act.[25]  Under ERISA, discovery may be limited in claims for plan benefits under Section 1132(a)(1)(B) because an administrative record exists for such claims, and allowing additional discovery beyond that record would frustrate ERISA's goal of "provid[ing] a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously."[26]  However, discovery beyond the administrative record may be appropriate for claims under Section 1132(a)(3) that do not arise from the written ERISA plan terms, as there may be no administrative record for such claims.[27]

Plaintiffs appear to acknowledge that discovery beyond the administrative record is permissible for 1132(a)(3) actions, but assert that discovery by plan administrator defendants

---

[25] 29 U.S.C. § 1001 *et seq.*

[26] *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005) (holding that ERISA fiduciary decisions in claim for disability benefits were reviewed under deferential standard); *see also Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1095 (9th Cir. 1999) (in an ERISA disability benefit case, "Trial de novo on new evidence would be inconsistent with reviewing the administrator's decision about whether to grant the benefit.  The means suggesting itself for accomplishing trial of disputed facts, while preserving the value of the fiduciary review procedure, keeping costs and premiums down, and minimizing diversion of benefit money to litigation expense, is trial on the record, in cases where the trial court does not find it necessary . . . to consider additional evidence."); *Gonda v. Permanente Med. Group, Inc.*, No. 11–1363 SC, 2014 WL 1308507, at *2 (N.D. Cal. April 1, 2014) (holding that bare showing of relevance adequate for Federal Rule of Civil Procedure 26 does not suffice for ERISA disability claim when court is limited to merits of the record, except under narrow circumstances where additional evidence is necessary for a proper de novo review).

[27] *See Sconiers v. First UNUM Life Ins. Co.*, 830 F.Supp. 2d 772, 777 (N.D. Cal. 2011) (allowing discovery of communications between plaintiff and defendant for purpose of determining misrepresentation in ERISA equitable relief claim); *see also Jensen v. Solvay Chemicals, Inc.*, 520 F.Supp. 2d 1349, 1355 (D. Wyo. 2007)("Case law does not constrain discovery under ERISA § 502(a)(3) actions   . . . This is logical as these actions do not benefit from the administrative process.  Courts are not required to give deference to plan committees or fiduciaries in § 502(a)(3) actions and therefore limitations [on discovery] to the administrative record are not required . . . a finding that claims arise from ERISA § 502(a)(3) reverts discovery into the traditional realm and is governed under traditional federal, circuit, and local procedure.").

Case No. 5:13-cv-00972-PSG
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING DEFENDANTS' REQUEST FOR SANCTIONS

should be limited because their cited cases only involved discovery by plaintiffs.[28]  But Plaintiffs once again fail to provide any legal authority indicating that this is so.

As Defendants correctly point out, when the actions giving rise to 1132(a)(3) claims were carried out in conjunction with administrative determinations or otherwise not reflected in the record, the administrative record may not be properly relied upon to decide the claims.[29]  In such a circumstance, additional discovery should be permitted in order to avoid prejudice to either party.[30] Here, Plaintiffs have alleged inequitable conduct and breach of fiduciary duty on the part of Defendants, yet they seek to preclude the Defendants from discovering information supporting or discrediting those allegations.  Such a result would prohibit Defendants from preparing defenses and prevent a fair and full trial.

Plaintiffs further contend that because the plan administrator treated Plaintiffs' unsubstantiated facts with respect to the breach of fiduciary duty claim as true for purposes of administrative appeal,[31] Defendants are now precluded from conducting discovery on those facts.[32] However, this situation is not analogous to those in the cases cited by Plaintiffs, which limited discovery because the plan administrator let an appeal expire in order to later introduce new

---

[28] *See id.* at 8.

[29] *See* Docket No. 35 at 5; *Sconiers*, 830 F.Supp. 2d at 777 (allowing discovery in ERISA equitable relief action); *Jensen*, 520 F.Supp. 2d at 1355 (stating that ERISA actions for which no administrative record exists revert to traditional discovery).

[30] *See Sconiers*, 830 F.Supp. 2d at 777 (allowing limited discovery in ERISA action for equitable relief).

[31] Defendants noted that Plaintiffs did not provide significant substantiating evidence of their claims, but elected to view the claims in the light most favorable to them.  *See* Docket No. 28 at 7.

[32] *See* Docket No. 33 at 10 (citing *Jebian v. Hewlett-Packard Co. Employee Ben. Organization Income Protection Plan*, 349 F.3d 1098, 1103, 1105 (9th Cir. 2003) (holding that "deemed denials," i.e. denials because the time period for review elapsed with no discretionary ruling by the plan administrator, are not afforded discretionary review because to do otherwise would allow plan administrators to "sandbag" plaintiffs with new rationales adduced only after the subsequent suit commenced)).

Case No. 5:13-cv-00972-PSG
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING
DEFENDANTS' REQUEST FOR SANCTIONS

rationales for denial.[33]  Here, the administrator provided a timely review in the light most favorable

to Plaintiffs, which required assuming the truth of some of Plaintiffs' unsubstantiated allegations.[34]

Consequently, the court declines to prohibit discovery of evidence relating to those allegations.

## B.      The Discovery Is Not Burdensome Or Harassing

Plaintiffs do not provide substantive arguments in support of their claim that the document

requests are unduly burdensome and harassing.[35]  The document requests are directed at specific

allegations in the First Amended Complaint and concern relevant information that could reasonably

lead to the discovery of probative evidence with respect to the Plaintiffs' claims.  As such, the

court finds that RFPs are not unduly burdensome and harassing.

## C.      Sanctions Are Not Appropriate

Defendants claim that Plaintiffs' opposition to the RFPs was not substantially justified by

existing case law governing discovery in ERISA actions.[36]  However, the case law on this issue is

not fully delineated or settled, as shown by both parties' reliance on persuasive authority from

other districts and the relative lack of cases wherein a plaintiff in an ERISA case, rather than a

defendant, resists discovery.  Plaintiffs thus were substantially justified in objecting to the RFPs.

All records requested in Defendants' RFPs shall be produced within fourteen days.

**IT IS SO ORDERED.**

Dated: July 18, 2014

Paul S. Grewal

PAUL S.  GREWAL
United States Magistrate Judge

---

[33] *See Jebian*, 349 F.3d at 1104–05.

[34] *See* Docket No. 33 at 8–9.

[35] *See id.* at 4.

[36] *See* Docket No. 29 at 3.

7

Case No. 5:13-cv-00972-PSG
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING
DEFENDANTS' REQUEST FOR SANCTIONS

United States District Court
For the Northern District of California