1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN COLACO, et al.,       ) | Case No. 5:13-cv-00972-PSG |
|     ) | |
|     ) | **ORDER GRANTING-IN-PART** |
| Plaintiffs,     ) | **PLAINTIFFS' MOTION TO COMPEL** |
| v.     ) | **AND DENYING MOTION FOR** |
|     ) | **SANCTIONS** |
| THE ASIC ADVANTAGE SIMPLIFIED  ) | |
| EMPLOYEE PENSION PLAN, et al.,  ) | **(Re:  Docket Nos. 48, 50)** |
|     ) | |
| Defendants.     ) | |
|     ) | |

Four years ago, Defendant ASIC Advantage, Inc. terminated its Simplified Employee Pension Plan but committed to pay employees like Plaintiffs those SEP benefits accrued through June 30, 2011.  After the company's sale to Defendant Microsemi Corporation was completed a few days later, Microsemi had a change of heart—or so says Plaintiffs anyway—and refused to honor ASIC's commitment.  Not happy with this turn of events, Plaintiffs filed this suit against ASIC, Microsemi and others, seeking ERISA benefits under the SEP Plan, equitable relief and fines for failure to provide plan and claim-related documents.

Plaintiffs now move to compel production of documents authored or created by Microsemi's attorney Harley Bjelland in relation to the SEP plan.  They assert a fiduciary exception to the attorney-client privilege.  Plaintiffs also move to compel information relating to other former ASIC SEP plan participants.[1]  Though Plaintiffs fail to demonstrate that Bjelland

---

[1] *See* Docket No. 57 at 5.

1

Case No. 5:13-cv-00972-PSG
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION TO COMPEL AND DENYING
MOTION FOR SANCTIONS

1    acted as a fiduciary in the capacity of a claims administrator, they do show that information

2    regarding other former ASIC SEP plan participants is relevant to this action.  The court GRANTS-

3    IN-PART Plaintiffs' motion to compel and DENIES Plaintiffs' motion for sanctions.

**I.**

5         The attorney-client privilege attaches to a confidential communication between the attorney

6    and the client and bars discovery of the communication irrespective of whether it includes

7    unprivileged material.[2]  "In the Ninth Circuit, the privilege is jealously guarded."[3]  The party

8    claiming the privilege has the burden of establishing the preliminary facts necessary to support its

9    exercise.[4]  "Once that party establishes the privilege, . . . the opponent of the claim of privilege has

10   the burden of proof to establish the communication was not confidential or that the privilege does

11   not . . . apply."[5]

12        One limit to the attorney-client privilege is the fiduciary exception.[6]  "[A]n employer acting

13   in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against

14   plan beneficiaries on matters of plan administration."[7]  For the purposes of ERISA, "a person is a

15   fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or

16   discretionary control respecting management of such plan or exercises any authority or control

17   respecting management or disposition of its assets, (ii) he renders investment advice for a fee or

18   other compensation, direct or indirect, with respect to any moneys or other property of such plan,

---

[2] *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (holding that only the communications pertaining to advice between an attorney and client, and not the underlying facts, are protected by the privilege).

[3] *Fischel v. Equitable Life Assurance*, 191 F.R.D. 606, 607 (N.D. Cal. 2000).

[4] *See id.*

[5] *Id.*

[6] *See United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999) (recognizing a "fiduciary exception" to the attorney-client privilege "which has been applied to numerous fiduciary relationships").

[7] *Id.* at 1063; *see* 29 U.S.C. § 1002 (holding that ERISA is a federal law that sets standards of protection for individuals in most voluntarily established, private-sector retirement plans).

2

Case No. 5:13-cv-00972-PSG
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION TO COMPEL AND DENYING
MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."[8]

Fed. R. Civ. P. 26 provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."[9]  "Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery.  An opposing party can meet its burden by demonstrating that the information is . . . privileged."[10]

ASIC was a California corporation with its principal place of business in Sunnyvale.  ASIC provided a SEP plan for its employees that gave ASIC the discretion to contribute a certain percentage of each employee's compensation toward the employees' retirement savings.[11]  ASIC established the SEP plan in October 2008 and contributed to the SEP plan through 2009.[12]  As allowed by the Internal Revenue Service, ASIC typically paid SEP contributions in October to cover the previous year.[13]  Consistent with this schedule, in October 2010, ASIC paid SEP contributions that employees had earned in 2009.[14]

---

[8] 29 U.S.C. § 1002(21)(A).

[9] Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).").

[10] *Khalilpour v. CELLCO P-ship,* Case No. 3:09-cv-02712-CW, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (citing *Ellison v. Patterson-UTI Drilling,* Case No. 08-cv-67-JDR, 2009 WL 3247193 at *2 (S.D. Tex. Sept. 23, 2009)).

[11] *See* Docket No. 57 at 2-3; Docket No. 48 at 1 (stating that a SEP plan allows employers to contribute up to 25 percent of the employee's pay each year on a tax-favored basis to individual retirement accounts).

[12] *See* Docket No. 48 at 2.

[13] *See id.*

[14] *See id.*

Case No. 5:13-cv-00972-PSG
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

In the wake of a pending acquisition by Microsemi, ASIC's board of directors passed a resolution that terminated the SEP plan as of July 1, 2011.[15]  Plaintiffs contend that ASIC's President and Chief Executive Officer had previously and repeatedly promised the ASIC employees that their SEP contributions would still be paid for 2010 and the first half of 2011.[16]  Microsemi acquired ASIC on July 5, 2011 and terminated many employees, including 12 of the 15 Plaintiffs.  The remaining three resigned in late 2011.[17]  Defendants say 13 of the 15 Plaintiffs signed general releases for which they received enhanced severance payments.[18]

When Plaintiffs noticed their SEP payments had not been made, they contacted a former ASIC board director through counsel who responded that Microsemi should pay Plaintiffs the remaining SEP plan contributions.[19]  In early 2012, Plaintiffs requested in writing the payment of the SEP contributions, and upon Microsemi's request, provided the names of the individuals seeking the SEP contributions.[20]  Microsemi then retained Bjelland, who emailed Plaintiffs to inform them that their claims were denied.[21]  Plaintiffs requested documents referring to their claims,[22] and upon receiving limited documents, appealed the denial.[23]  In a response from Bjelland, Microsemi did not budge from its decision.[24]  Plaintiffs then filed this suit and served

---

[15] *See* Docket No. 57 at 2-3; Docket No. 48 at 2.

[16] *See* Docket No. 25 at ¶¶ 34, 35; Docket No. 48 at 2.

[17] *See* Docket No. 25 at ¶¶ 34, 35, 40, 47-50; Docket No. 48 at 2.

[18] *See* Docket No. 57 at 2-3.

[19] *See* Docket No. 25 at ¶ 52.

[20] *See id.* at ¶¶ 55, 56; Docket Nos. 49-3, 49-4.

[21] *See* Docket No. 25 at ¶ 57.

[22] *See id.* at ¶ 56.  Among the limited documents produced were several emails between Bjelland and various Microsemi and ASIC employees, which Defendants later contended were inadvertently produced attorney-client privileged communications that should be returned.  *See* Docket No. 48 at 6.

[23] *See* Docket No. 25 at ¶¶ 60, 61; Docket No. 48 at 5 (explaining which documents were not produced).

[24] *See* Docket No. 25 at ¶¶ 60, 61; Docket No. 48 at 5.

4

Case No. 5:13-cv-00972-PSG
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION TO COMPEL AND DENYING
MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

various document requests.[25]   Plaintiffs now request an order compelling Defendants to produce responsive documents authored or created by Bjelland, and information regarding other former ASIC employees who participated in the SEP plan.[26]

## II.

This court has subject matter jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331"and 1367.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[27]

## III.

To avoid the restrictions of the attorney-client privilege, Plaintiff must show that Bjelland did more than conduct ministerial duties for the plan; Bjelland must be shown to have exercised fiduciary control or authority over the SEP contributions.[28]  Plaintiffs fall short of meeting this burden for two reasons.

*First*, Bjelland's July 12, 2012 letter denying Plaintiffs' appeal indicates that the decision to deny the disputed SEP plan contributions was based on an investigation conducted by Microsemi's appointed "Administrative Appeals Committee."[29]  The committee was made up of two members, John Holtrust and David Goren.[30]  Bjelland was not part of the committee that had control or authority over the fate of the SEP contributions.  In fact, he was not hired until after the plan terminated.  These facts all underscore Microsemi's contention that it—not the plan, not the plan

---

[25] *See* Docket No. 57 at 3; Docket No. 48 at 5.

[26] *See* Docket No. 48 at 1.

[27] *See* Docket Nos. 12, 13.

[28] *See* 29 U.S.C. § 1002(21)(A) (requiring a fiduciary to have authority or control over the plan).

[29] *See* Docket No. 49-6 at 2.

[30] *See id.*

5

Case No. 5:13-cv-00972-PSG
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION TO COMPEL AND DENYING
MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

sponsor, not the plan trustee—hired Bjelland to provide legal advice about its legal liability to Plaintiffs, and nothing more.[31]

**Second**, there is no evidence that Bjelland's functions involved the exercise of discretionary authority or control over the SEP plan.  Indeed, the record evidence suggests that his functions beyond rendering legal advice were limited to ministerial-type tasks—such as mailing denial letters to Plaintiffs on behalf of his client.[32]  "[W]ithout any responsibility or authority over a plan's management and administration, one cannot be a fiduciary."[33]  "An attorney or other professional service provider who represents an ERISA plan will not qualify as an ERISA fiduciary so long as he 'performs purely ministerial functions' . . . within a framework of policies, interpretations, rules, practices and procedures made by other persons."[34]  Because his role as post-termination advisor alone did not give Bjelland any discretionary control or authority over the SEP plan contribution, Bjelland cannot be said to have acted as an ERISA fiduciary.[35]

---

[31] *Cf. Aull v. Cavalcade Pension Plan*, 988 F.Supp. 1360, 1365 (D. Colo. 1997) (holding that once a plan terminates, ERISA trustee is no longer a fiduciary); *Trigon Ins. Co. v. Columbia Naples Capital, LLC*, 235 F. Supp. 2d 495, 505 (E.D. Va. 2002) (same).

[32] *See Pension Trust Fund for Operating Engineers Local 3 v. McMorgan & Co.*, Case No. 06-cv-904-WBS, 2007 WL 201247, at *8 (E.D. Cal. Jan. 24, 2007) (citing *Yeseta v. Baima*, 837 F.2d 380, 385 (9th Cir. 1988)) (concluding that an attorney was not an ERISA fiduciary when neither his "status as an attorney nor as executor showed he controlled the Plan in a manner other than by usual professional functions.").  *See also* 29 C.F.R. § 2509.75-5(D-1); 29 C.F.R. § 2509.75-8(D-2) (clarifying that "preparation of employee communications material or preparation of reports concerning participants' benefits" are tasks that do not make an attorney a fiduciary so long as the attorney does not perform any of the functions in 29 U.S.C. § 1002(21)(A)); *Custer v. Sweeney*, 89 F.3d 1156, 1162 (4th Cir. 1996).

[33] *Brown v. California Law Enforcement Ass'n, Long-Term Disability Plan*, Case No. 14-cv-03559-JCS, 2015 WL 890564, at *3 (N.D. Cal. Mar. 2, 2015).

[34] *Custer*, 89 F.3d at 1156, 1162 (holding that attorney's day-to-day payment of bills, securing of funds, and monitoring of the progress of construction and operations on fund property were ministerial tasks); *see* 29 C.F.R. § 2509.75-8(D-2) ("A person who performs purely ministerial functions . . . within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person" does not perform any of the functions in 29 U.S.C. § 1002(21)(A)); *see also* 29 U.S.C. § 1002(21)(A) (providing the definition of a fiduciary as applied in ERISA cases).

[35] *See* 29 C.F.R. § 2509.75-8(D-2); *Mett*, 178 F.3d at 1064 ("On the one hand, where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries.  On the other hand, where a plan fiduciary retains counsel

Case No. 5:13-cv-00972-PSG
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS

1        A separate issue is whether Defendants must produce SEP plan information of other former

2    ASIC SEP participants.  Defendants primarily object to Plaintiffs' request due to privacy and lack

3    of notice.[36]  But the clear relevance of the information outweighs Defendants' concerns.

4        "Federal courts have recognized a person's interest in preserving confidentiality of

5    information contained in his or her personal file."[37]  "Personnel records, because of the privacy

6    interests involved, should not be ordered produced except upon a compelling showing of

7    relevance."[38]  The "resolution of a privacy objection or request for a protective order requires a

8    balancing of the need for the information sought against the privacy right asserted."[39]

9        Defendants contend the privacy of non-party, former ASIC employees should be preserved,

10   especially because these former employees received no notice pursuant to Cal. Civ. Code §§

11   1985.3 and 1985.6.[40]  But even if state procedural rules were relevant here,  Plaintiffs convincingly

12   show that documents from other SEP participants regarding the July 5, 2011 company-wide

13   meeting and similarly filed claims are relevant to Plaintiffs' claims for their SEP contributions in

14   this action.[41]  Several Plaintiffs testified at deposition that during the company-wide meeting on

---

in order to defend herself against the plan beneficiaries (or the government acting in their stead),
the attorney-client privilege remains intact.").

[36] *See* Docket No. 57 at 9.  Defendants also challenge the breadth of the requests, but the court
finds that as argued to the court they are sufficiently tailored.

[37] *Nakagawa v. Regents of Univ. of Cal.*, Case No. 06-cv-2066-SI, 2008 WL 1808902, at *2 (N.D.
Cal. Apr. 22, 2008).

[38] *See Kress v. Price Waterhouse Coopers*, Case No. 08-cv-0965-LKK, 2011 WL 5241852, at *1
(E.D. Cal. Nov. 1, 2011) (citing *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn.
1999)).

[39] *Soto v. City of Concord*, 162 F.R.D. 603, 603 (N.D. Cal. 1995).

[40] *See* 29 U.S.C. § 1059; *see also* Docket No. 48 at 6; Docket No. 57 at 10 (referring to
Defendants' citation to Cal. Civ. Code § 1985.3 and § 1985.6, which require statutory notices to be
provided to third parties); *Soto*, 162 F.R.D. at 616 ("Resolution of a privacy objection or request
for a protective order requires a balancing of the need for the information sought against the
privacy right asserted.").

[41] *See* Docket No. 60 at 5; *see also* 29 U.S.C. § 1059 (requiring a plan administrator to maintain
records that might be relevant to a determination of the benefit entitlements of a participant or
beneficiary).

7

Case No. 5:13-cv-00972-PSG
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION TO COMPEL AND DENYING
MOTION FOR SANCTIONS

United States District Court
For the Northern District of California

July 5, 2011, ASIC board members said the SEP plan contributions for 2010 and the first six months of 2011 would be made.[42]  Whether other plan participants submitted claims and whether those claims were accepted or denied is plainly relevant to Plaintiffs' contentions of what Defendants said and when they said it.[43]  Denying Plaintiffs the production of these documents would unfairly prejudice Plaintiffs' efforts to establish their claims.[44]

## IV.

Plaintiffs' motion to compel Defendants to produce documents Bjelland authored or created is DENIED.

Plaintiffs' motion to compel the production of other former ASIC SEP participants' SEP plan information is GRANTED.  Defendants shall produce documents relevant to a determination of the SEP benefit entitlements of other participants for the disputed period, excluding any privileged documents.

Because Defendants acted reasonably in disputing this production, Plaintiffs' motion for sanctions is DENIED.

**SO ORDERED.**

Dated:  August 10, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[42] *See* Docket No. 60 at 5.

[43] *See id.*

[44] *See Soto*, 162 F.R.D. at 603, 616.  Production will not unreasonably burden Defendants, since they should have been keeping these records anyway under Section 1059.  If these documents are not reasonably accessible after diligent efforts at recovery and production, Defendants shall supplement their responses accordingly.

8

Case No. 5:13-cv-00972-PSG
ORDER GRANTING-IN-PART PLAINTIFFS' MOTION TO COMPEL AND DENYING
MOTION FOR SANCTIONS