UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN COLACO, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>THE ASIC ADVANTAGE SIMPLEFIED EMPLOYEE PENSION PLAN, et al.,<br><br>        Defendants. | Case No. 5:13-cv-00972-PSG<br><br>**ORDER DENYING MOTION FOR JUDGMENT OR SUMMARY JUDGMENT**<br><br>**(Re: Docket No. 90)** |

Plaintiffs Stephen Colaco, Tom Gammon, Srivalli Chandra, Terry Jones, Quy Lau, David Lichtenstein, Sina Ma, Michael Mullen, Trinh Nguyen, Amaaduddin Quraishi, David Robertson, Stephen Thomas, Nhan Tran and Moddy Wong move for judgment under Fed. R. Civ. P. 52, or alternatively, summary judgment against Defendants The ASIC Advantage Simplified Employee Pension Plan, ASIC Advantage, Inc. and Microsemi Corporation.[1] Plaintiffs' motion is DENIED as procedurally improper.

Given the procedural posture of this case, judgment under Fed. R. Civ. P. 52 is premature. Fed. R. Civ. P. 52 authorizes the court to enter judgment on an issue if a party has "been fully heard" on it "during a nonjury trial and the court finds against the party on that issue." Trial has not yet occurred and the parties have not been fully heard. Plaintiffs argue that a Rule 52 judgment is the appropriate procedure for resolving this matter and cite to *Kearney v. Standard Insurance Co.*[2] However, *Kearney* stated that when there is a genuine issue of fact in an ERISA

---

[1] *See* Docket No. 90 at 12-13.

[2] 175 F.3d 1084, 1094-59 (9th Cir. 1999) (en banc); *See* Docket No. 90 at 12.

1
Case No. 5:13-cv-00972-PSG
ORDER DENYING MOTION FOR JUDGMENT OR SUMMARY JUDGMENT

case, "the genuine issue of fact must be resolved by trial."[3] If the standard of review for the district court is *de novo,* then the trial is "on the administrative record,"[4] along with any additional evidence that circumstances "'clearly establish . . . is necessary to conduct an adequate *de novo* review.'"[5] While *Kearney* allows for trials to be held on the administrative record, it does not allow the court to enter judgment under Rule 52 before a trial on the record has occurred.

Summary judgment also is inappropriate at this stage. The court previously found that there were several genuine issues of material fact as to whether Plaintiffs' releases were valid, whether Plaintiffs' SEP benefits had accrued and could not be released, and whether the plain language of the separation agreements between Plaintiffs and Defendants includes the SEP benefits at stake.[6] All of these issues remain in dispute. They affect whether Plaintiffs' "separation agreements bar this lawsuit,"[7] and so summary judgment remains as inappropriate now as it was in September 2015.

**SO ORDERED.**

Dated: February 4, 2016

PAUL S. GREWAL
United States Magistrate Judge

---

[3] *Kearney*, 175 F.3d at 1094.

[4] *Id.*

[5] *Id.* at 1091 (quoting *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995)).

[6] *See* Docket No. 89 at 2.

[7] *Id.* at 19.

2
Case No. 5:13-cv-00972-PSG
ORDER DENYING MOTION FOR JUDGMENT OR SUMMARY JUDGMENT