UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN COLACO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE ASIC ADVANTAGE SIMPLEFIED EMPLOYEE PENSION PLAN, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-00972-HSG<br><br>**ORDER GRANTING MOTION TO DETERMINE ABUSE OF DISCRETION STANDARD OF REVIEW APPLIES**<br><br>Re: Dkt. No. 102 |

Pending before the Court is a motion to determine that the abuse of discretion standard of review will apply at trial brought by Defendants The ASIC Advantage Simplified Employee Pension Plan, ASIC Advantage, Inc., and Microsemi Corporation. Dkt. No. 102. The Court heard oral argument on December 1, 2016. For the reasons stated at the hearing and articulated below, the Court GRANTS the motion.[1]

Defendants assert that the applicable standard of review is abuse of discretion because the Simplified Employee Plan (the "SEP Plan") "explicitly and repeatedly provides the employer with discretion to make or not make SEP Plan contributions." Dkt. No. 102 ("Mot.") at 1. Plaintiffs oppose the motion on three grounds: (1) the motion is untimely; (2) the Court should apply de novo review because the SEP Plan "does not clearly and unambiguously confer discretion on the plan administrator to interpret the plan or make claim decisions"; and (3) de novo review is

---

[1] The Court construes Defendants' motion as a motion for summary adjudication. *See e.g.*, *Hinz v. Hewlett Packard Co. Disability Plan*, No. 10-CV-03633-LHK, 2011 WL 1230046, at *1 (N.D. Cal. Mar. 30, 2011) (motion to determine standard of review brought as motion for summary adjudication); *Finley v. Hartford Life & Acc. Ins. Co.*, No. C 06-6247 CW, 2007 WL 2406872, at *1 (N.D. Cal. Aug. 20, 2007) (same); *Kowalski v. Farella, Braun & Martel, LLP*, No. C-06-3341MMC, 2007 WL 2123324, at *1 (N.D. Cal. July 23, 2007) (same); *Flores v. Prudential Ins. Co. of Am.*, No. C-03-5589 MMC, 2004 WL 2075448, at *1 (N.D. Cal. Sept. 16, 2004) (same).

appropriate because the SEP Plan did not authorize ASIC to delegate its discretionary authority to Microsemi.  *See* Dkt. No. 103 ("Opp'n").

      1.  Although Plaintiffs' argument that the pending motion is untimely has some persuasive force, the Court has an independent duty to determine the proper standard of review at trial.  Accordingly, in order to ensure that this action is properly tried on its merits, the Court exercises its discretion to address the motion.  *See Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 195 (N.D. Cal. 2004) (exercising discretion to address untimely motion).

      2.  The Court finds that the appropriate standard of review is abuse of discretion because the SEP Plan unambiguously grants ASIC discretion to determine whether to make SEP Plan contributions.  A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *see also Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 963 (9th Cir.2006) (en banc) ("if the plan *does* confer discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of discretion").

      In the section headed "Eligibility Requirements," the plain language of the SEP Plan states that "[t]he employer agrees to provide *discretionary* contributions" to employees' retirement accounts.  *See* Dkt. No. 91-1 at AR0010 (emphasis added).  The SEP Plan reiterates the discretionary nature of the contributions by instructing employers that they "are not required to make contributions every year" and informing employees that "[a]n employer is not required to make SEP contributions."  *Id.* at AR0010, AR0011.

      Accordingly, the Court holds that the SEP Plan unambiguously confers on ASIC "discretionary authority to determine eligibility for benefits":  each year, ASIC had discretion to determine whether any employees would receive SEP Plan contributions.  The applicable standard of review thus is abuse of discretion "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record."  *See Abatie*, 458 F.3d at 967.

3. The Court's conclusion is unchanged by Plaintiffs' argument that ASIC improperly delegated its discretionary authority to Microsemi, thereby prompting de novo review. *See* Opp'n at 7-8. The four cases that Plaintiffs cite in support of this proposition are inapposite. *See Shane v. Albertson's Inc.*, 504 F.3d 1166 (9th Cir. 2007); *Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384 (9th Cir. 1994); *Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279 (9th Cir. 1990); *Anderson v. Unum Life Ins. Co. of Am.*, 414 F. Supp. 2d 1079 (M.D. Ala. 2006). Each of Plaintiffs' authorities addresses the dissimilar situation in which an ERISA plan fiduciary attempts, properly or improperly, to delegate its authority over an ERISA plan. None of Plaintiffs' citations contemplate the current scenario involving a plan fiduciary acquired by another entity that assumes "all of [the fiduciary's] obligations and liabilities." *See* Dkt. No. 25 ¶ 39.

\* \* \*

For the reasons above, the Court GRANTS Defendants' motion to determine that the abuse of discretion standard applies to this action.

**IT IS SO ORDERED.**

Dated: December 2, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge