UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN COLACO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE ASIC ADVANTAGE SIMPLEFIED EMPLOYEE PENSION PLAN, et al.,<br><br>Defendants. | Case No. 13-cv-00972-HSG<br><br>**ORDER SETTING CASE MANAGEMENT CONFERENCE TO SCHEDULE TRIAL** |

Before the Court are the parties' Rule 52 submissions. Dkt. Nos. 119, 120, 121, 122, 124-137. The parties posit that no live testimony is required to resolve this matter. Dkt. No. 139. Having reviewed the record, the Court disagrees, because a number of the parties' factual disputes can only be resolved by making credibility determinations. The Court accordingly sets a case management conference to schedule a trial.

## I. BACKGROUND

On March 4, 2013, Plaintiffs filed a complaint alleging that fifteen[1] former employees of ASIC Advantage, Inc. ("ASIC") and Microsemi Corporation ("Microsemi") were improperly denied benefits under the ASIC Simplified Employee Pension Plan ("SEP Plan"). *See* Dkt. No. 1 ("Compl."). Plaintiffs also allege that Defendants failed to timely provide documents during the SEP appeal process. *Id*. Defendants moved for summary judgment on the ground that twelve of the Plaintiffs had released their claims against Defendants. Dkt. No. 55. The Court denied Defendants' motion for summary judgment, noting that issues of material fact were present as to "whether Plaintiffs knowingly and voluntarily released their ERISA claims," as well as to

---

[1] As the Court dismissed the claims of Donald Humbert, Dkt. No. 52, fourteen Plaintiffs currently remain in this case.

"whether Plaintiffs' SEP benefits had vested before they signed the separation agreements, and therefore could not be released," and as to "whether the scope of the separation agreements encompassed the SEP benefits." Dkt. No. 89 at 11–19. Plaintiffs then moved under Rule 52 for judgment as a matter of law, or, in the alternative, for summary judgment. Dkt. No. 90. The Court denied the motion, stating that there remain "genuine issues of material fact as to whether Plaintiffs' releases were valid, whether Plaintiffs' SEP benefits had accrued and could not be released, and whether the plain language of the separation agreements between Plaintiffs and Defendants includes the SEP benefits at stake." Dkt. No. 100 at 2.[2] The parties submitted a joint case management statement in December 2016, stipulating that trial would be conducted entirely through briefs and supporting evidence, unless either party subsequently requested live testimony. Dkt. No. 117. The parties submitted trial briefs and accompanying declarations, and in June 2017 submitted a statement indicating that in the parties' view, live testimony was not needed. Dkt. No. 138.

## II. DISCUSSION

Having reviewed the voluminous record submitted, the Court concludes that live testimony *is* required to resolve a number of open factual disputes between the parties. For example, each party contends that the intent of the ASIC Board of Directors at the time of the merger agreement is a material issue in determining whether the SEP benefits vested and/or accrued before Plaintiffs' employment was terminated. *See, e.g.*, Dkt. No. 119 at 1; Dkt. No. 121 at 1. The parties have offered competing interpretations of the factual record based on the intent of the ASIC executives. *Compare* Dkt. No. 119 at 2 (stating that the Board resolution terminating the SEP Plan "resolved to pay all SEP contributions accrued through June 30, 2011"), *with* Dkt. No. 121 at 20–21 ("[T]he Board Resolution was only intended to allow Microsemi to make SEP contributions if it so chose."). Plaintiffs further present evidence of various emails and conversations in characterizing the state of mind and intent of a number of Defendants' executives, *see, e.g.*, Dkt. 120-1 at AR000055–56, AR000059–60, AR000061–64, AR000066–70, while Defendants contest these

---

[2] At the time of the summary judgment and Rule 52 rulings, the case was assigned to the Honorable Paul Grewal. The case was reassigned to the undersigned in June 2016. Dkt. No. 111.

2

characterizations, *see, e.g.*, Dkt. No. 93-1 ¶ 11, Dkt. No. 93-16 ¶ 11. The parties' competing claims on this issue cannot be resolved without an assessment of the credibility of the various witnesses' testimony as to their intent. As another example, determining whether the releases are valid requires an assessment of the sophistication and other specific characteristics of each of the twelve Plaintiffs who signed the waiver in question. Dkt. No. 121 at 29–31; Dkt. No. 124 at 26. The factual record provided by the parties is insufficient for the Court to assess the credibility of the witnesses making these contentions.

While the Court wishes it had come to this conclusion sooner, it is clear that this case can only be resolved after a bench trial with live testimony. Given the age of the case, the Court wants to schedule that trial in short order. The Court thus **SETS** a case management conference for April 3, 2018 at 2:00 p.m. The parties should be prepared to set a trial on that date, and to discuss a mechanism for identifying and narrowing the issues in dispute (by, for example, submitting a joint statement of undisputed facts and agreeing on which witnesses will need to testify at trial based on the open factual disputes framed by the parties). Before the case management conference, the parties should meet and confer regarding their respective availability for trial over the next three months. The parties also should be prepared to discuss whether they believe a settlement conference with a magistrate judge could be productive before trial.

**IT IS SO ORDERED.**

Dated: 3/28/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge